[No. 9322.   Department One.   March 25, 1911.]

J. F. DONNELLY, *Respondent*, v. FRANK W. HOBBS *et al.*, *Appellants*.[1]

VENDOR AND PURCHASER—RESCISSION BY VENDOR—FAILURE TO PERFORM—EVIDENCE—SUFFICIENCY. Upon a direct conflict in the evidence of the two parties as to whether plaintiff intended to give defendant a contract of sale, or only to list property for sale, a cancellation of a contract to sell is warranted where it appears that the defendant had paid nothing, had requested an extension of time, and had not offered to perform within the time required by the contract.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered July 13, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Danson & Williams*, for appellants.

*P. C. Shine*, for respondent.

[1]Reported in 114 Pac. 429.

MOUNT, J.—The plaintiff brought this action to remove a cloud from the title to certain real estate in Spokane county. The defendants filed an answer and cross-complaint, setting up an alleged contract with plaintiff, by which plaintiff agreed to sell the said real estate to defendant Frank W. Hobbs, and prayed for specific performance of this contract. The plaintiff for reply denied the contract as alleged by the defendant, and alleged that the writing was a listing of the land for sale with the defendant as real estate broker, and that no agreement of sale was intended by the parties. Upon these issues the cause was tried to the court, and resulted in a decree as prayed for in the complaint. The defendants have appealed.

The facts are that, on August 31, 1906, the plaintiff was the owner of the lots in question. On that day the defendant Frank W. Hobbs, who was engaged in the real estate business, solicited the plaintiff to list the lots with him for sale. Plaintiff agreed to do so, and thereafter defendant wrote out a contract, which plaintiff signed without reading it, as follows:

"Spokane, Washington, August 31, 1906.

"I, the undersigned, J. F. Donnelly, for the sum of one ($1) dollar and other considerations, agree to sell to Frank W. Hobbs lots 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23, block 2, First Addition to West Riverside Addition to Spokane Falls (Now Spokane), Spokane county, Washington. Purchase price seven hundred ($700) dollars cash, sale to be consummated on or before September 15, 1906, and to furnish abstract and good title.

"(Signed)     J. F. Donnelly."

About a week after this contract was made, plaintiff notified defendant that he (plaintiff) had sold the property; whereupon defendant denied the right of plaintiff to sell, and immediately placed the contract of record in the county auditor's office. On September 15, 1906, the day when the sale was to be consummated under the contract, the defendant requested an extension of time, which the plaintiff refused to give. Nothing more appears to have been done by either

party until January 17, 1910, when plaintiff brought this action to remove the cloud caused by the record of the contract.

There were but two witnesses examined at the trial. The plaintiff testified in his own behalf, in substance, that, on or about August 31, 1906, the defendant came to him in his shop, while he was at work as a blacksmith, and requested him to fix a price on the lots and list them with him for sale; that after some talk plaintiff agreed to do so; that the defendant then wrote on a piece of paper and told plaintiff that the writing was a mere matter of form and was only a listing of the property for sale; that plaintiff, relying upon the statement of the defendant and without reading the paper, signed it; that no consideration at all was paid therefor; that about a week later he notified defendant that he (plaintiff) had made a sale of the lots, whereupon defendant claimed that he had a contract for the purchase of the lots, and the plaintiff had no right to sell. The plaintiff disputed the contract, and afterwards learned from the record the purport of the writing; that defendant at no time made any tender of the purchase price to him, and on September 15, 1906, requested an extension of time, which plaintiff refused to give. The defendant testified, in substance, that the contract was a contract of sale, as it purported to be upon its face; that he paid plaintiff the one dollar mentioned in the contract; that the plaintiff read the contract and understood it at the time he signed it; and that on September 15, 1906, he tendered the purchase price to plaintiff, which tender was refused. The trial court apparently believed the testimony of the plaintiff, and was not impressed with that of the defendant, for findings were made in favor of the plaintiff substantially as he had testified.

If we were to find that this contract was one of sale and not of listing for sale, there is still sufficient in the evidence to justify the court in finding that the defendant had not performed, or offered to perform, within the time provided in the

contract.   The fact that he requested an extension of time on the last day is a strong circumstance supporting that finding.   It is, of course, not conclusive, but taken in connection with the positive evidence of the plaintiff, is sufficient to justify the finding.   Where the testimony is conflicting, as it was in this case, we are not disposed to disturb the findings of the trial court.

The judgment must therefore be affirmed.

DUNBAR, C. J., PARKER, and GOSE, JJ., concur.

· FULLERTON, J., concurs in the result.